SELTZER & ASSOCIATES PLLC
Joshua L. Seltzer (NY Bar No. 44682)
597 West Side Avenue, Suite 133
Jersey City, NJ 07304
Tel: (646) 480-1396
Email: jseltzer@seltzerinsurancelaw.com
*Pro hac vice application to be submitted pursuant to Rule 83.1(d)*

Attorneys for Defendants
ALL AMERICA INSURANCE COMPANY
CENTRAL MUTUAL INSURANCE COMPANY
and nominal party PADDOCK CHEVROLET, INC.



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

22 CV 680-V

| | | |
|---|---|---|
| KENT P. NEUBECK and KEMPER INDEPENDENCE INSURANCE COMPANY, | § § § | Case No. |
| Plaintiffs, | § § § | **NOTICE** |
| - against – | § § | **OF REMOVAL** |
| ALL AMERICA INSURANCE COMPANY, CENTRAL MUTUAL INSURANCE COMPANY, PADDOCK CHEVROLET, INC., SANTINO LOCOCO and HANNA G. MANSOUR, | § § § § | |

Defendant All America Insurance Company ("All America") hereby files this Notice of

Removal pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and states as follows:

### THE REMOVED ACTION

1.     On July 11, 2022, plaintiff Kemper Independence Insurance Company ("Kemper")

filed a Complaint with the Clerk of the Court, Erie County, which was assigned Index No. 807746/22

("the Kemper Complaint"). Pursuant to 28 U.S.C. § 1446(a). Pursuant to Rule 81, indexed copies of

documents filed and/or served in the state court action are attached as **Exhibit A**. The Kemper Complaint is attached as doc. 1 thereto.

2.      In the Kemper Complaint, Kemper seeks a judgment declaring that All America Insurance Company ("All America") and Central Mutual Insurance Company ("Central") breached their duty to defend nominal party Kent Neubeck ("Neubeck") in various state court actions. *See* Exhibit A, document 1 at ¶ 4. Kemper also seeks monetary relief against them, including recoupment of incurred legal-defense costs, claims expenses, and indemnity payments. *See id.* at ¶¶'s59-60.

3.      All America has not been served in this matter. On August 1, 2022, Central received a copy of Kemper's complaint along with an acknowledgment from the New York State Department of Financial Services (the "DFS") confirming that service was made on Central. A copy of Central's acknowledgment is attached as **Ex. B**.

4.      On August 18, 2022, All America, Central, and nominal party Paddock filed their Answer to the complaint, which they amended as of right on August 30, 2022 to included defenses based on lack of jurisdiction. *See, e.g., Iacovangelo v. Shepherd*, 5 N.Y.3d 184 (2005) (amended answer may include any defense omitted from original answer). *See* **Exhibit A** at documents 2 and 3.

5.      For reasons addressed below, since All America has not been properly joined and served, this Removal is timely pursuant to 28 U.S.C. § 1446(b).

6.      All America has not previously filed a Notice of Removal of this matter to this Court.

7.      No further pleadings have been filed, and no proceedings have occurred in the Erie County action.

**GROUNDS FOR REMOVAL**

8.      Under 28 U.S.C. § 1332, this Court has Original Jurisdiction over this matter. As explained below, there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Removal is therefore proper pursuant to 28 U.S.C. § 1441.

**DIVERSITY OF CITIZENSHIP EXISTS**

9.      Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 28 U.S.C. § 1332(a)(1)-(2).

10.     There is complete diversity of citizenship between Kemper, All America, and Central, the only parties seeking relief in the action.

a.      The Kemper Complaint does not allege Kemper's citizenship. See Exhibit A at document 1. However, its corporate registration documents show it is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 12926 Gran Bay Parkway West, Jacksonville, Florida.  *See* **Exhibit C**.

b.      The Kemper Complaint does not allege Central's citizenship. However, its corporate registration documents show it is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Ohio. *See* **Exhibit D**.

c.      The Kemper Complaint does not allege All America's citizenship. However, its corporate registration documents show that it is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. *See* **Exhibit E**.

3

      d.     Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . "

      e.     The Kemper Complaint alleges Neubeck is a resident of the State of New York. *See* **Exhibit A, document 1 at ¶ 1**. Although Neubeck is diverse from All America and Central, his citizenship is ignored for purposes of diversity jurisdiction since Kemper is the only party seeking relief. Accordingly, he may be dismissed from the action. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 330 F.3d 1129, 1133 (9th Cir. 2020).

      f.     The Kemper Complaint alleges Paddock Chevrolet, Inc., Santino Lococo, and Hanna G. Mansour are nominal parties, and no relief has therefore been sought against them either. Accordingly, their citizenship is ignored for purposes of diversity removal.[1] *See* **Exhibit A, document 1 at ¶ 7**.

11.     Without conceding the existence of a justiciable controversy between Central or Kemper, or that Central was properly joined, Central consents to this Removal.

12.     Though unnecessary, nominal party Paddock consents to this Removal.

13.     Since all Parties against whom relief is sought are citizens of different states, complete diversity of citizenship exists under 28 U.S.C. § 1441(b).

---

[1] Since the additional coverage Kemper seeks would inure to their benefit, Kemper's decision to name them as nominal defendants and not plaintiffs would not defeat diversity jurisdiction in any event. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.    The fourth cause of action in the Kemper Complaint seeks "reimbursement from any amounts paid by Kemper on behalf of Neubeck, including investigation, claims handling, and defense costs in connection with any and all claims arising out" of the state court actions. *See* **Exhibit A, document 1 at ¶ 60.**

15.    Although the amounts Kemper seeks are not alleged, Kemper informed Central and All America on August 25, 2022 it seeks breach of contract damages in excess of $200,000, exclusive of interests and costs.

16.    Kemper's claim for damages therefore exceeds the required amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## REMOVAL IS TIMELY BECAUSE ALL AMERICA
## HAS NOT BEEN SERVED WITH PROCESS

17.    Pursuant to 28 U.S.C. § 1441(b), this action is removable to this district because All America has not been properly joined and served, and Central and All America, the only appearing parties, are not forum defendants. *See* 28 U.S.C. § 1441(b) (providing that non-federal question cases "shall be removable only if none of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which the action is brought") (emphasis added); *see also Murphy Brothers v. Michetti Pipe Stringing,* 526 U.S. 344, 351 (1999) (30-day removal period triggered when service is properly completed under state law, and a summons with notice or a summons and complaint has been filed allowing a facial determination of removal to be made).

18.    Indeed, consistent with the statutory language, courts in this District permit removal of an action prior to completion of service even where, unlike here, the removing defendant is a resident of the forum state. *See, e.g., Gibbons v. Bristol-Myers Squibb Co.,* 919 F.3d 699 (2019) (any diversity

case including those involving forum defendants may be may be removed to a federal court having jurisdiction if proper service has not been made); *see also C.Q. v. Rockefeller*, 20-cv-2205 (S.D.N.Y. Sep. 23, 2020) (applying same standard to 30-day removal period pursuant to 1446(b)(2), and finding that service must be "complete" under state procedural law before a defendant can be "properly joined or served"); *Creatures, Inc. v. Toys 'R' Us, Inc.*, 314 F.Supp.2d 177, 180 (S.D.N.Y. 2003) (same). As the *Gibbons Court* underscored, "Congress may well have adopted the "properly joined and served" requirement to provide a "bright-line rule keyed on service . . . " *Id.* at 705.

19.    All America is a non-forum defendant who has not been properly joined or served in this matter. Boxes 1 and 2 of the affidavit of service Kemper filed with the Erie County Clerk states personal service was made on Janessa Famia—physical description not provided—at the New York Department of Financial Services (the "DFS") at 4:00 p.m. on July 18, 2022. *See* **Exhibit A at document 4.** However, box 3 (witness fees) of the affidavit of service does not reflect that a witness payment was tendered to Ms. Famia. *See id.* Additionally, box 4 states, contrary to Boxes 1 and 2, that the DFS was closed when personal service was to be effected, and that the summons and complaint was therefore mailed on July 18, 2022 and that an acknowledgment of receipt of service will be forwarded to Kemper's counsel. *See id.*

20.    According to the UPS tracking information referenced on the affidavit of service, no documents were mailed or delivered to the DFS on July 18, 2022. Copies of the UPS tracking information are attached as **Exhibit F.** The DFS informed All America—through counsel—that it was instructed to serve All American Insurance Company, the non-party Kemper misidentified on the summons. Therefore, the DFS was unable to accept service on behalf of All America, and no statutory acknowledgment of service has been signed or returned to date.

21.     Since All America has not been properly joined or served in this matter, its removal is therefore timely pursuant to 28 U.S.C. § 1446(b).[2]

22.     This removal is also timely pursuant to 28 U.S.C. § 1446(b)(3) because All America was first informed by Kemper on August 25, 2022 that the amount in controversy exceeds the sum of $75,000.

23.     Thus, although Kemper's Complaint does not include a statement of the amount of monetary relief, the courts have deemed this defect cured under the circumstances. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Circ. 2001).

## REMOVAL IS OTHERWISE PROPER

24.     Removal to this District is proper pursuant to 28 U.S.C. § 1441(a) because the Western District Court encompasses Erie County, the district and division where the state court action is pending.

25.     Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of this Notice of Removal, and will serve the written notice of the filing of this Notice of Removal with the Supreme Court of the State of New York for the County of Erie, attaching as **Exhibit H** the notice documents.

**WHEREFORE**, All America Insurance Company hereby gives notice that the above-entitled state court action, formerly pending in the Supreme Court of the State of New York for the County of Erie has been removed to the United States District Court for the Western District of New York.

Dated: September 3, 2022

---

[2] N.Y. Ins. Law § 1212(c) and (e) states that the Department, upon receipt of payment, will "forward a copy of such process by mail, prepaid to the personal last designated by such insurer, as shown by the records of the department." *See* requirements for effecting service available at https://dos.ny.gov/instructions-service-process (last visited 9/03/22) attached as **Ex. G**.

Respectfully submitted,

Joshua L. Seltzer, Esq. (NYS Bar No. 44682)
SELTZER & ASSOCIATES PLLC
597 West Side Avenue, Suite 133
Jersey City, NJ 07304
Phone: 646-480-1393
Email: jseltzer@seltzerinsurancelaw.com

*Attorneys for Defendants All America Insurance Company, Central Mutual Insurance Company, and nominal party Paddock Chevrolet, Inc.*

*Pro hac vice application forthcoming*

To:    Dan D. Kohane, Esq.
       Hurwitz Fine, P.C.
       Attorneys for Plaintiffs
       424 Main Street, Suite 1300
       Buffalo, NY 14202
       716-849-8900

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Dan D. Kohane
Hurwitz Fine, P.C.
Attorneys for Plaintiffs
424 Main Street, Suite 1300
Buffalo, NY 14202
dkohane@hurwitzfine.com
Attorneys for Plaintiffs

by email and via e-filing on September 6, 2022

/s/ Joshua L. Seltzer
Joshua L. Seltzer

## INDEX

| EXHIBIT | DOCUMENT NO. & DESCRIPTION |
|---|---|
| A | 1. Summons and complaint and exhibit to summons and complaint<br>2. Answer with affirmative defenses and counterclaim<br>3. Amended Answer with affirmative defenses and counterclaim<br>4. Affidavit of service re: All AmericaReply to counterclaim<br>5. Affidavit of service on nominal party Paddock Chevrolet, Inc.<br>6. Affidavit of service on Central Mutual Insurance Company<br>7. Affidavit of service on nominal party Santino Lococo<br>8. Affidavit of service on nominal party Hanna Mansour |
| B | Affidavit of service on All America |
| C | Corporate registration: Kemper Independence Insurance Company |
| D | Corporate registration: Central Mutual Insurance Company |
| E | Corporate registration: All America Insurance Company |
| F | UPS tracking information re: service on All American Insurance Company |
| G | Acknowledgment from DFS re: Central Mutual Insurance Company |
| H | Notice to state court and all parties |

# EXHIBIT A

Case 1:22-cv-00680-LJV    Document 1    Filed 09/06/22    Page 12 of 26

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
-----------------------------------------------------------------------X

KENT P. NEUBECK and KEMPER
INDEPENDENCE INSURANCE COMPANY,

                                        Plaintiff,

        -against-


ALL AMERICA INSURANCE COMPANY,
CENTRAL MUTUAL INSURANE COMPANY,
PADDOCK CHEVROLET, INC., SANTINO
LOCOCO and HANNA G. MANSOUR,

                                Defendants.

-----------------------------------------------------------------------X

**Index No.:**
**Filed on:**

**SUMMONS**

Plaintiff designates Erie
County as the Place of Trial

The basis of the venue is location of
tort.

### TO THE ABOVE-NAMED DEFENDANTS:

        *YOU ARE HEREBY SUMMONED* to answer the Complaint in this action, and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance on the Plaintiff's attorneys within twenty (20) days after the service of this Summons,
exclusive of the day of service, (or within thirty (30) days after the service is complete if this
Summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
herein.

Dated: Buffalo, New York
        July 11, 2022

                                        By: _____
                                            Dan D. Kohane, Esq.
                                            HURWITZ FINE, P.C.
                                            *Attorneys for Plaintiff*
                                            KENT P. NEUBECK and
                                            KEMPER INDEPENDENCE
                                            INSURANCE COMPANY
                                            The Liberty Building
                                            424 Main St., Suite 1300
                                            Buffalo, NY 14202
                                            (716) 849-8900
                                                1



FILED: ERIE COUNTY CLERK 07/11/2022 10:09 AM                    INDEX NO. 807746/2022

NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 07/11/2022

TO:
Hanna G. Mansour
1066 Castle Bar Dr.
North Tonawanda, NY 14120

Santino Lococo
436 Victoria Blvd.
Kenmore, NY 14217

Paddock Chevrolet, Inc.
c/o New York Department of State
One Commerce Plaza
99 Washington Ave.
Albany, NY 12231

All American Insurance Company
c/o New York State Department of Financial Services
Corporate Affairs Unit
One Commerce Plaza, 20th Floor
Albany, NY 12257

Central Mutual Insurance Company
c/o New York State Department of Financial Services
Corporate Affairs Unit
One Commerce Plaza, 20th Floor
Albany, NY 12257

HURWITZ FINE, P. C.
THE LIBERTY BUILDING
424 MAIN ST., SUITE 1300
BUFFALO, NY 14202

2

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

KENT P. NEUBECK and KEMPER
INDEPENDENCE INSURANCE COMPANY

                         Plaintiffs,                    **COMPLAINT**

v.                                             Index No.:

ALL AMERICA INSURANCE COMPANY,         _____/_____
CENTRAL MUTUAL INSURANCE COMPANY,
PADDOCK CHEVROLET, INC., SANTINO
LOCOCO and HANNA G. MANSOUR,

                          Defendants.

_____

        Plaintiffs, KENT P. NEUBECK ("NEUBECK") and KEMPER INDEPENDENCE

INSURANCE COMPANY ("KEMPER"), by and through their attorneys, Hurwitz Fine P.C., as

and for their Complaint herein, allege, upon information and belief, as follows:

        1.      At all times hereinafter mentioned, Plaintiff, NEUBECK, was and is a

resident of the County of Erie and State of New York.

        2.      At all times hereinafter mentioned, the Plaintiff, KEMPER, was and is an

insurance company authorized to issue policies of insurance in the State of New York.

        3.      Upon information and belief, now and at all times hereinafter mentioned,

Defendant, ALL AMERICIA INSURANCE COMPANY ("ALL AMERICA"), was and is an

insurance company authorized to issue policies of insurance in the State of New York.

        4.      Upon information and belief, now and at all times hereinafter mentioned,

Defendant, CENTRAL MUTUAL INSURANCE COMPANY ("CENTRAL"), was and is an

insurance company authorized to issue policies of insurance in the State of New York.

1

5.      Upon information and belief, now and at all times hereinafter mentioned, the Defendant, HANNA G. MANSOUR ("MANSOUR"), and SANTINO LOCOCO ("LOCOCO") were and are residents of the County of Erie and State of New York.

6.      Upon information and belief, Defendant, PADDOCK CHEVROLET, INC. ("PADDOCK"), was and is a domestic corporation with its principal place of business in the County of Erie and the State of New York.

7.      Defendants, MANSOUR, LOCOCO, and PADDOCK, are included as parties in this lawsuit so that they are bound by the determination in this action.

## UNDERLYING ACCIDENT AND UNDERLYING ACTION

8.      Upon information and belief, on December 30, 2019, at approximately 1:00 PM in the Town of Tonawanda, County of Erie, and State of New York, a motor vehicle accident occurred, in which MANSOUR and LOCOCO sustained injury (the "accident").

9.      Upon information and belief, at the time of the accident, NEUBECK was test-driving a 2020 Chevrolet Trailblazer automobile ("Blazer") which was owned by PADDOCK.

10.     The Blazer collided with a vehicle owned and operated by non-party, Santino LOCOCO ("LOCOCO vehicle").

11.     Upon information and belief, at the time of the accident, the Blazer was used and operated by NEUBECK with the consent and permission of PADDOCK.

12.     Upon information and belief, occupants of the LOCOCO vehicle, including Santino LOCOCO and Dakota Lococo, as well as the occupants of the Blazer, NEUBECK and MANSOUR, sustained injury.

13.     Four separate lawsuits were filed in connection with the accident with each of the occupants having presented claims.

2

14.    Presently, there are pending in the Supreme Court, County of Erie, two actions, one commenced by MANSOUR against PADDOCK, NEUBECK, and Santino LOCOCO under Index No. 806437/2020 (the "Mansour Action") and one commenced by LOCOCO against PADDOCK and NEUBECK under Index No. 809848/2020 (the "Lococo Action").

15.    Upon information and belief, MANSOUR, at the time of the accident, was an employee of PADDOCK and in the course of her employment.

16.    By previous order of the Appellate Division, Fourth Judicial Department, the direct claims by MANSOUR against PADDOCK in the Mansour Action were dismissed and converted into a Third-Party Action.

## INSURANCE POLICIES

17.    KEMPER issued a Package Plus policy, Policy No. RB215711, to NEUBECK and his wife, Deborah Neubeck, which policy is incorporated into this complaint by reference ("KEMPER Policy") and was in full force and effect on the day of the accident.

18.    The KEMPER Policy provided automobile liability coverage for NEUBECK's use of vehicles he did not own, with limits of $500,000 per accident.

19.    By the terms of the KEMPER Policy, in particular, on form VS 1347 any insurance provided by KEMPER "with respect to a vehicle you do not own shall be excess over any other collectible insurance".

20.    The KEMPER policy also provided to NEUBECK Personal Catastrophe Liability ("PCL") coverage with limits of $1,000,000 in excess over the $500,000 primary automobile liability coverage limits.

3

Case 1:22-cv-00680-LJV   Document 1   Filed 09/06/22   Page 17 of 26

21.    The PCL coverage was written on form AK5183 and provided, with
respect to "other insurance" that if "a covered person has other collectible insurance that
covers damages this endorsement also covers, this endorsement shall be excess to and will
not contribute with such other insurance whether such insurance is stated to be primary,
contributing, excess or contingent".

22.    Upon information and belief, ALL AMERICA issued an Auto Dealers
insurance policy to PADDOCK, as the named insured, Policy No. GP 9753849 14, which policy
was in full force and effect on the day of the accident and which policy is incorporated in this
action by reference ("ALL AMERICA Policy").

23.    The Blazer being operated by NEUBECK was a "covered auto" under the
ALL AMERICA policy.

24.    The ALL AMERICA policy was an owners policy of liability insurance.

25.    Under regulations issued by the Department of Financial Services,
11 NYCRR 60-1.1 Mandatory provisions, every owners policy of automobile insurance issued in
the State of New York is required to include.

(c) A provision insuring as "insured":

(1) the named insured and, if an individual, his or her spouse if
a resident of the same household with respect to the motor
vehicle or vehicles;

(2) any other person using the motor vehicle with the
permission of the named insured or such spouse provided his
or her actual operation or (if he or she is not operating) his
or her other actual use thereof is within the scope of such
permission; and

(3) any other person or organization but only with respect to his,
her or its liability because of acts or omissions of an insured
within paragraph (1) or (2) of this subdivision. As respects
any person or organization other than the named insured or
such spouse the policy need not apply:

4

Case 1:22-cv-00680-LJV    Document 1    Filed 09/06/22    Page 18 of 26    INDEX NO. 807746/2022

RECEIVED NYSCEF: 07/11/2022

(i) to any person or organization, or to any agent or employee thereof, employed or otherwise engaged in operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the maintenance or use of a motor vehicle in connection therewith;

(ii) to any employee with respect to injury, sickness, disease or death of a fellow employee injured in the course of his or her employment in an accident arising out of the maintenance or use of the motor vehicle in the business of their common employer; or

(iii) to any person or organization, or to any agent or employee thereof, with respect to bodily injury, sickness, disease or death, or injury to or destruction of property arising out of the loading or unloading of the motor vehicle. The insurance shall apply separately to each insured against whom claim is made or suit is brought, provided the inclusion of more than one insured shall not operate to increase the limits of the insurer's liability.

26.    Accordingly, as NEUBECK was operating the Blazer with permission of the named insured, PADDOCK, NEUBECK was an insured under the ALL AMERICA policy.

27.    The ALL AMERICA Policy provided liability limits of $1,000,000 to NEUBECK for his use of the Blazer at the time of the accident.

28.    Pursuant to the terms of the ALL AMERICA Policy (CA0152 12 15), for any "covered auto" owned by PADDOCK, this "Coverage Form" provides primary coverage to those insured under the policy.

29.    Upon information and belief, CENTRAL issued a Commercial Liability Umbrella policy to PADDOCK, Policy No. CXS 9753848 14, with $10,000,000 in liability limits, which policy was in full force and effect on the day of the accident ("CENTRAL Umbrella policy").

5

30.     Upon information and belief, the Blazer was a "covered auto" under the

CENTRAL Umbrella policy.

31.     Under the terms of the CENTRAL Umbrella Policy (8-1989 08 18), [a]ny

insured on any policy of "underlying insurance" is an insured under this insurance, but only to

the same extent as on the "underlying insurance."

32.     Accordingly, as NEUBECK was operating the Blazer with permission of

the named insured, PADDOCK, NEUBECK was an insured under the CENTRAL Umbrella

policy.

33.     The CENTRAL Umbrella policy provided "other insurance" language

with terms equivalent to those in the KEMPER PCL endorsement set forth in paragraph "21"

above.  The CENTRAL Umbrella policy provided that:

1. This insurance is excess over, and shall not contribute with any of the
   other insurance, whether primary, excess, contingent or on any other
   basis. This condition will not apply to insurance specifically written as
   excess over this Coverage Part.
   When this insurance is excess, we will have no duty under
   Coverages **A** or **B** to defend the insured against any "suit" if any
   other insurer has a duty to defend the insured against that "suit." If
   no other insurer defends, we will undertake to do so, but we will be
   entitled to the insured's rights against all those other insurers.
2. When this insurance is excess over other insurance, we will pay only
   our share of the "ultimate net loss" that exceeds the sum of:
   1) The total amount that all such other insurance would pay for the loss
      in the absence of the insurance provided under this Coverage Part;
      and
   2) The total of all deductible and self-insured amounts under all that
      other insurance.

### IMPROPER COVERAGE DENIAL

34.     Shortly after the accident, NEUBECK, through counsel, advised

ALL AMERICA and CENTRAL about the accident and sought coverage under the

ALL AMERICA and CENTRAL policies.

6

35.    By letter of January 10, 2020, which is annexed as Exhibit "1" to this complaint and made of part of this action by reference, Central Insurance Companies, on behalf of ALL AMERICA and CENTRAL, purported to "reserve all of its rights to (1) withdraw from the defense of you (NEUBECK) in the accident,  (2) disclaim, in whole or in part, a duty to indemnify you for any judgement (sic) or settlement arising from the accident, (3) commence an action to determine its obligations, and (4) assert additional bases for disclaimer, or reserving its right to disclaim, coverage." ("the January 10 letter").

36.    The January 10 letter referenced a provision in the All America policy which defined "insureds" for covered "autos", in part, as follows:

**2. Who Is An Insured**
**The following are "insureds" for covered "autos":**
a.  You for any covered "auto",
b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
(1) The owner or anyone else from whom you hire or borrow a covered "auto".
This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
(2)  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
(3)  Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is yours.
(4)  **Your customers.** However, if a customer of yours:
(a) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" Is principally garaged.
(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

37.    The January 10 letter concluded:

7

Case 1:22-cv-00680-LJV   Document 1   Filed 09/06/22   Page 21 of 26

Central Mutual has determined that, although your client was a permissive user of the 2020 Trailblazer that he was test-driving, he (1) was a customer of Paddock Chevrolet at the time and (2) has though Kemper, liability coverage which satisfies New York financial security law limits.

Therefore, your client is not an "insured" under the Central Mutual policies. Central Mutual hereby reserves the right to withdraw from covering him in the accident claim, and to disclaim any obligation to defend or indemnify him for any judgement or settlement in that claim, on this basis.

38.     The January 10 letter also claimed, that the Central Umbrella policy "follows form to the primary policy".

39.     Upon information and belief, the January 10 letter was not sent to MANSOUR, LOCOCO, or any other party injured in the accident.

### FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF

40.     Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.     ALL AMERICA acknowledges that NEUBECK was a customer of PADDOCK and operating the Blazer with the express permission of PADDOCK.

42.     The exclusion in the ALL AMERICA policy, outlined in paragraph "36" above, which purports to remove coverage for a customer who is a permissive user violates the mandatory provisions for automobile policies in New York, as set forth in 11 NYCRR 60-1.1 which requires each policy to contain:

**(c)** A provision insuring as an "insured":

***

**(2) any other person using the motor vehicle with the permission of the named insured** or such spouse provided his or her actual operation or (if he or she is not operating)

8

Case 1:22-cv-00680-LJV Document 1 Filed 09/06/22 Page 22 of 26

his or her other actual use thereof is within the scope of such permission;

Based on this express requirement on insurers, policies that leave gaps in coverage violate New York law and public policy rendering them unenforceable as to those gaps.

43.   Every policy of insurance issued in the State of New York must be as broad as the insured owner's liability for use of the vehicle by the owner or anyone using the vehicle with his, her or its permission.

44.   Accordingly, the plaintiffs seek a declaration that the provision in the ALL AMERICA policy that excludes coverage for PADDOCK's customers is void and unenforceable.

45.   Therefore, NEUBECK is an insured under the ALL AMERICA policy.

46.   As the ALL AMERICA policy provides primary coverage for NEUBECK's use of the Blazer, ALL AMERICA has a primary obligation to defend and indemnify him for the claims arising out of the accident including those in the Mansour and Lococo actions.

### SECOND CAUSE OF ACTION
### FOR DECLARATORY RELIEF

47.   Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

48.   As aforesaid, under the terms of the CENTRAL Umbrella Policy (CU0001 04 13), PADDOCK was an insured as was "anyone else using, with your permission, a 'covered auto'" owned by PADDOCK.

49.   As NEUBECK was operating the Blazer, a "covered auto" with Paddock's permission, he is an insured under the CENTRAL umbrella policy.

### THIRD CAUSE OF ACTION
### FOR DECLARATORY RELIEF

50.   Plaintiffs repeat and reallege each and every allegation in paragraphs "1"

9

through "50" of this Complaint as if fully set forth herein.

51.     Both ALL AMERICA and CENTRAL have, upon information and belief, failed to comply with the provisions of New York Insurance Law Section 3420(d) (2) which provides:

> (2) If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

52.     ALL AMERICA and CENTRAL failed to disclaim liability or deny coverage by written notice given as soon as was reasonably possible "to the insured and the injured person or any other claimant".

53.     ALL AMERICA's reservation of rights letter was not a disclaimer of coverage.

54.     ALL AMERICA failed to provide written notice of any disclaimer to the injured person, including MANSOUR, LOCOCO, or any of the other claimants.

55.     CENTRAL utterly failed to disclaim or deny coverage, merely citing, incorrectly, in the January 10 letter that the "umbrella policy follows form to the primary policy", ignoring the terms of the policy and set forth in paragraph "31" above.

**FOURTH CAUSE OF ACTION**
**FOR DECLARATORY RELIEF**

56.     Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

57.     Under the "other insurance" provisions in the KEMPER and ALL AMERICA policies the ALL AMERICA policy provides primary coverage for the defense and

10

indemnification of NEUBECK with respect to claims arising out of the accident.

58. Therefore, KEMPER seeks a declaration that the coverage under the KEMPER policy is excess over the coverage under the ALL AMERICA policy, both for defense and indemnity obligations.

59. As a result of ALL AMERICA's failure to honor its primary policy obligations and provide NEUBECK with a defense and indemnity under the ALL AMERICA policy, KEMPER has provided NEUBECK with a defense to the Mansour and Lococo actions as well as adjusting and resolving other claims arising out of the accident.

60. KEMPER therefore demands from ALL AMERICA reimbursement for any amounts paid by KEMPER on behalf of NEUBECK, including investigation, claims handling and defense costs, in connection with any and all claims arising out of the accident.

## FIFTH CAUSE OF ACTION
## FOR DECLARATORY RELIEF

61. Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

62. With respect to coverage under the KEMPER PCL coverage and the CENTRAL umbrella policy, by virtue of the mutual repugnancy of the "other insurance" clauses, the coverage limits of the two policies prorate.

63. Accordingly, since the PCL limits of the KEMPER policy are $1,000,000 per occurrence and the umbrella limits of the CENTRAL umbrella policy are $10,000,000 per occurrence, for any amount in excess of ALL AMERICA limits of $1,000,000 (for a total of $11,000,000) followed by the KEMPER limits of $500,000, both providing coverage for NEUBECK, KEMPER's responsibility is $1/11^{th}$ (9%) and Central's obligation is to pay $10/11^{th}$ (91%) of any settlement or judgment within the policy limits.

11

**WHEREFORE**, the Plaintiffs, KENT P. NEUBECK AND KEMPER INDEPENDENCE INSURANCE COMPANY, request by way of a declaratory judgment to determine and declare the rights of the parties hereto, finding as follows:

1.      A declaration that the policy exclusion in the ALL AMERICA policy purporting to exclude coverage for "customers" violates the mandatory minimum provisions of 11 NYCRR Section 60-1.1 and is therefore void and unenforceable.

2.      A declaration that ALL AMERICA's refusal to defend and indemnify Kent NEUBECK under the terms of the ALL AMERICA policy was wrongful;

3.      A declaration that ALL AMERICA provides primary coverage to Kent NEUBECK for any claims arising from the accident of December 30, 2019, including for the defense and indemnity of the Mansour and Lococo actions;

4.      A declaration that ALL AMERICA must reimburse KEMPER for any amounts paid on behalf of NEUBECK for the defense and/or indemnity of the Mansour and Lococo actions, as well as other claims previously settled;

5.      A declaration that for all claims arising from the accident, the coverage under the ALL AMERICA policy is primary to that provided by the Kemper policy;

6.      A declaration that as between the KEMPER PCL endorsement and the CENTRAL umbrella policy, KEMPER's obligation is $1/11^{th}$ or 9% of any amounts that may be required to indemnify NEUBECK and CENTRAL's obligation is $10/11^{th}$ or 91% of any amounts that may be required to indemnify NEUBECK; and

12

7.    Such other and further relief as this Court may find just, proper, and

equitable, together with the costs and disbursements of this action.

DATED:    Buffalo, New York
          July 11, 2022

                                  HURWITZ FINE P.C.

                                  _____
                                  Dan D. Kohane, Esq.
                                  *Attorneys for Plaintiffs,*
                                  *KENT NEUBECK and KEMPER*
                                  *INDEPENDENCE INSURANCE*
                                  *COMPANY*
                                  The Liberty Building
                                  424 Main Street, Suite 1300
                                  Buffalo, New York 14202
                                  (716) 849-8900
                                  ddk@hurwitzfine.com

13